IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2066-D

MOSES LEON FAISON,                        )
                                          )
            Petitioner,                   )
                                          )
      v.                                  )          **ORDER**
                                          )
NASH CORRECTIONAL                         )
SUPERINTENDENT,                           )
                                          )
            Respondent.                   )

On April 13, 2015, Moses Leon Faison ("Faison" or "petitioner"), a state inmate proceeding

pro se, filed a petition for a writ of habeas corpus [D.E. 1]. On April 27, 2015, in response to a court

order directing him to do so, [D.E. 3], Faison filed an application to proceed in forma pauperis [D.E.

4]. As explained below, the court dismisses the petition as successive.

On February 2, 1994, in Greene County Superior Court, Faison pleaded guilty to first-degree

murder and was sentenced to life imprisonment without parole. Pet. [D.E. 1] 1; see Order, Faison

v. Chavis, No. 5:13-HC-2104-F (E.D.N.C. Aug. 3, 2015), [D.E. 17]; Order, Faison v. North

Carolina, No. 5:10-HC-2264-D (E.D.N.C. Aug. 4, 2011), [D.E. 21]. Faison already filed two

unsuccessful section 2254 petitions challenging his 1994 conviction. Petition, Faison v. North

Carolina, No. 5:10-HC-2264-D (E.D.N.C. Dec. 13, 2010), [D.E. 1] ("2010 petition"); Petition,

Faison v. Chavis, No. 5:13-HC-2104-F (E.D.N.C. May 2, 2013), [D.E. 1] ("2013 petition").

Specifically, on August 4, 2011, this court dismissed Faison's 2010 petition as untimely. See Order,

Faison v. North Carolina, No. 5:10-HC-2264-D (E.D.N.C. Aug. 4, 2011), [D.E. 21]. On August 3,

2015, the Honorable James C. Fox granted respondent's motion for summary judgment and

dismissed Faison's 2013 habeas petition. See Order, Faison v. Chavis, No. 5:13-HC-2104-F

(E.D.N.C. Aug. 3, 2015), [D.E. 17]. Faison's latest petition again challenges his 1994 conviction and sentence.

Before filing a second or successive application for habeas relief in the district court, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Magwood v. Patterson, 561 U.S. 320, 330–31 (2010). This court does not have jurisdiction to review Faison's current petition unless the Fourth Circuit authorizes such review. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam); United States v. MacDonald, 641 F.3d 596, 603–04, 615 (4th Cir. 2011); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Faison failed to obtain authorization from the Fourth Circuit. Thus, the court dismisses his petition as successive.

In sum, the court DISMISSES Faison's habeas petition without prejudice. Faison must obtain authorization from the Fourth Circuit before filing this application. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This _2_ day of November 2015.

JAMES C. DEVER III
Chief United States District Judge

2